Battle, J.
 

 There can be no doubt that tlie-testimony offered by the plaintiff, was competent and sufficient to prove the existence of the road in question as a public highway. Its uninterrupted use by all persons as a highway for more than twenty years, fully justified the presumption that it had been granted or dedicated to the public by the former owners of the soil over which it ran.
 
 Woollard
 
 v. McCulloch, 1 Ire. Rep. 432;
 
 State
 
 v. Marble, 4 Ire. Rep. 318.
 

 The road having been established by this presumption from its long and uninterrupted use, the counsel for the plaintiff contends that the assignment of the defendant’s hands to work and assist in keeping it in repair, must be presumed on the same principle. But a moment’s consideration will satisfy us, that the cases are very different, and are not at all susceptible of the application of the same principle. The road is an easement enjoyed by the public, in the lands of those over which it is located. It may be taken from the proprietors
 
 in
 
 invitum, by certain proceedings under the act of the Legislature authorizing- the laying out and establishing public roads. In such cases, the requisition of the law must be complied' with, and that must appear by the records of the County Court, to which jurisdiction over the subject is given.
 
 State
 
 v. Johnson, 11 Ire. Rep. 647. The easement may also be granted by the proprietors of the soil, and the right of the public must be evidenced by an actual grant unless the road has been used as a common highway for more than twenty years, in which case, no deed need bo produced, as one will be presumed: that is, it will bo presumed that a deed was actually executed,
 
 *50
 
 and was, of course, formerly in existence, but is now lost.
 
 Woollard
 
 v. McCulloch,
 
 ubi supra.
 
 The proof of the exist-énce of the road, in the present case, depends upon this common law presumption: and the easement claimed, and enjoyed by the public, is founded upon the same well-known principle which supports private prescriptive rights.
 

 But the assignment of the defendant’s hands to work on the road, or the laying off districts within which,they may be summoned by the overseer, must necessarily be done by the County Courts : It is manifestly not the subject of a grant by those who are liable to send hands to work. It cannot, therefore, be claimed, as against such persons, by prescription, or upon any presumption analagous to it. Such seems to have been the view taken of this subject by the Court in the above cited case of
 
 Woollard
 
 v.
 
 McCulloch.
 
 There the defendant lived within a mile of the public road which he was required to work, and nearer to it than to any other. His hands, and those of the persons who had occupied the same premises, had worked the road for more than fifteen years, and he had on one occasion actually promised the overseer to make compensation for the failure of his slaves to work the said road. Notwithstanding all this, the Court, without intimating that the shortness of the time prevented any presumption, declared that “ the plaintiff was an overseer without hands, he should have made application to the County Court for a list of hands, or an assignment of a
 
 district.
 
 The defendant’s hands had never been assigned to that road, his lands were not comprehended by the Court in a district of the plaintiff, as overseer of the said road.” As we have shown that no presumption could be made against the defendant, that his hands had been assigned by the County Court to work the road in question, or that his lands had been comprehended in any district laid out by said Court, in which the plaintiff was overseer, his Honor erred in leaving the question to the jury, and for this error the judgment is, reversed, and a
 
 venire de novo
 
 granted.
 

 Pee CtiRiáM. Judgment reversed.